# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PHILIP L. FRYBERGH,

        Plaintiff,

vs.

ALLY FINANCIAL INC.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, PHILIP L. FRYBERGH ("Mr. Frybergh"), by and through undersigned counsel, and brings this action against the Defendant, ALLY FINANCIAL INC. ("Ally"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Ally's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

3. Mr. Frybergh alleges that Ally has unlawfully called his cellular telephone in direct contravention of the TCPA.

4. Consequently, Mr. Frybergh seeks injunctive relief as well as damages and costs in accordance with the TCPA.

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

6. Venue in this District is proper because Mr. Frybergh resides here and because a substantial portion of Ally's acts giving rise to the claims asserted herein occurred in this District.

## PARTIES

7. At all times relevant to this Complaint, Ally was and is a foreign corporation, formed under the laws of the State of Michigan, and has its principal place of business in Detroit, Michigan.

8. At all times relevant to this Complaint, Ally has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

9. At all times relevant to this Complaint, Mr. Frybergh was and is a natural person as defined by 47 U.S.C. § 153(32).

## BACKGROUND AND GENERAL ALLEGATIONS

10. It is axiomatic that "the right to be let alone" is one of the most valued rights in a civilized society. *See* Olmstead v. United States, 277 U.S. 438 (1928). Mr. Frybergh alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and

2 | P a g e

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

12. Upon information and belief, Ally by and through its agents, representatives and/or employees acting within the scope of their authority used an automatic telephone dialing system ("ATDS") to place numerous telephone calls to Mr. Frybergh's cellular telephone—(754) 368-0800.

13. Upon answering any of these calls, Mr. Frybergh would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect Mr. Frybergh to a live telephone employee. Other times, Mr. Frybergh would be greeted by a pre-recorded message prompting him to call Ally.

14. Mr. Frybergh is the sole possessor and user of the cellular telephone that Ally was calling.

15. Ally's calls originated from various numbers including but not limited to 855-870-7128, and 866-205-3074, and include but are not limited to calls placed on August 28, 2017, at or about 1:12 p.m., August 8, 2017, at or about 2:14 p.m., and August 2, 2017, at or about 10:55 a.m.

16. Mr. Frybergh received hundreds upon hundreds of calls from Ally. When he would answer a call, Ally's agent on the other line would inform Mr. Frybergh that they were looking for Kenneth Meyers.

17. Mr. Frybergh informed Ally's agents at least 100 times that he was not Kenneth Meyers.

18. On dozens of calls, Mr. Frybergh would explicitly instruct Ally's agents to stop calling him.

19. All to no avail, as Ally continued its relentless phone campaign. Many of the calls from Ally were from "unknown" or "restricted" numbers, meaning that Mr. Frybergh could not

3 | P a g e
**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

simply ignore the call as he could not know who was on the other line.

20. Ally called Mr. Frybergh many times in a campaign designed to apply psychological stress with the aim of recovering money for an alleged debt. Defendant's calling campaign included multiple calls a day and/or calls on back-to-back days. But for Ally's use of an ATDS, it would not have been viable to call Mr. Frybergh with the steady volume of calls Ally placed to Mr. Frybergh.

21. Moreover, Ally's use of an ATDS to place calls to Mr. Frybergh's cellular telephone allowed Ally to "spoof" its phone number through the ATDS's software, and have an "unknown" or "restricted" number appear on Mr. Frybergh's caller identification screen, thus not letting him know it was Ally calling and making him more likely to answer the call.

22. Mr. Frybergh was damaged by these unwanted, harassing and illegal calls. His privacy was improperly invaded, his peace was disturbed, his cellular telephone's battery and memory were taxed, his cellular telephone line was tied-up, and he was forced to spend time tending to unwanted calls

23. None of Ally's telephone calls placed to Mr. Frybergh were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24. Upon information and belief, Ally knew its collection techniques were in violation of the TCPA, yet continued to use them therefore willfully or knowingly violated the TCPA.

25. All conditions precedent to the filing of this Complaint have occurred or have been waived.

**COUNT I- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)**

26. Mr. Frybergh repeats, realleges and incorporates paragraphs 1 through 25.

27. Ally placed many non-emergency calls, including, but not limited to the calls referenced above, to Mr. Frybergh's cellular telephone using an automatic telephone dialing

4 | P a g e
**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

28. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded message without that person's express consent.

29. Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

30. Upon information and belief, the aforesaid calls to Mr. Frybergh's cellular telephone were placed using an automated telephone dialing system or employed a prerecorded voice message. These calls bore telltale signs of automation, such as a prerecorded message or a noticeable gap between Mr. Frybergh's answering the call and a human being coming on the line

31. Defendant's method of contacting Mr. Frybergh is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

32. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Ally to demonstrate that Mr. Frybergh provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

33. Ally, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

34. Ally, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

35. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. *See also* <u>Mims v. Arrow Fin Servs., L.L.C.</u>, 132 S. Ct. 740, 744, (2012) ("The Act bans certain practices invasive of privacy")

36. As a direct and proximate result of the violation of the TCPA by Ally, Mr. Frybergh has been damaged. Ally's phone calls harmed Mr. Frybergh by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

37. Ally's phone calls also harmed Mr. Frybergh by (1) trespassing upon and interfering with Mr. Frybergh's rights and interests in access to his cellular telephone Mr. Frybergh's right to enjoy the full utility of his cellular device; (2) trespassing upon and interfering with Mr. Frybergh's rights and interests in access to his cellular telephone line; (3) intruding upon Mr. Frybergh's seclusion; (4) wasting Mr. Frybergh's time; (5) depleting the battery life on Mr. Frybergh's cellular telephone; (6) using memory storage space in Mr. Frybergh's cellular telephone; and (7) causing Mr. Frybergh aggravation, indignation and unwarranted stress.

38. Additionally, during a majority of the relevant time period, Mr. Frybergh had a telephone service plan with limited minutes allowed each month. Ally's calls would then use up some of those minutes.

39. The TCPA creates a private right of action for affected consumers, and allows them to recover the greater of their actual monetary loss or up to $1,500 per call for each willful violation. 47 U.S.C. § 227(b). It also allows the District court to increase the award up to treble

**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com

statutory damages if it finds the defendant's violation was willful or knowing. *Id*. *See also* <u>Mims</u>, 132 S. Ct. at 746.

40. As a result of Ally's violations of 47 U.S.C. § 227 *et seq*, Mr. Frybergh is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Mr. Frybergh is entitled to injunctive relief prohibiting Ally from contacting Mr. Frybergh on his cellular phone using an automated dialing system or prerecorded voice pursuant to 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Mr. Frybergh respectfully prays that judgment be entered against Defendant, ALLY FINANCIAL INC., for statutory damages of $1,500.00, or $500.00, for each and every violation, an order be entered enjoining ALLY from calling Mr. Frybergh's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

### DEMAND FOR JURY TRIAL

Plaintiff, PHILIP L. FRYBERGH, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
E-mail:   chezky@Rodallaw.com
RODAL LAW, P.A.
*Attorneys for Mr. Frybergh*
3201 Griffin Road, Suite 203
Dania Beach, Florida 33312
Telephone:   (954) 367-5308
Facsimile:   (954) 272-7587

7 | P a g e
**Rodal Law, P.A.**
3201 Griffin Road, Suite 203 ● Dania Beach, Florida 33312 ● Telephone (954) 367-5308 ● Facsimile (954) 272-7587
www.Rodallaw.com